UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| PHD, INC., an Indiana corporation, | ) ) ) | |
| Plaintiff, | ) ) | Case No._____ |
| vs. | ) ) | United States District Judge_____ |
| DE-STA-CO, | ) ) | Magistrate Judge_____ |
| Defendant. | ) ) ) | |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff, PHD, Inc., by counsel, Carson Boxberger LLP, for its complaint against De-Sta-Co, states as follows:

## NATURE OF THE ACTION

1. This is an action for patent infringement under the United States Code, Title 35, as amended.

## THE PARTIES

2. Plaintiff, PHD, Inc., is an Indiana corporation with its principal place of business located 9009 Clubridge Drive, Fort Wayne, Indiana 46809.

3. On information and belief, Defendant, DE-STA-CO ("Defendant"), is a subsidiary of Dover, Inc., a Delaware corporation doing business in Michigan at 691 N. Squirrel Road, Suite 250, Auburn Hills, Michigan 48236.

## JURISDICTION AND VENUE

4. This claim arises under the United States Patent Laws, 35 U.S.C. §§1, *et seq*. This Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

5. This Court has personal jurisdiction over Defendant pursuant to Indiana Trial Rule Procedure 4.4(A)(1).

6. Plaintiff has transacted business in the State of Indiana and this judicial district, has carried on a continuous and systematic part of its general business within Indiana, has had substantial, continuous, and systematic contacts with Indiana and this judicial district, and has committed and/or will commit acts within Indiana and this judicial district.

7. Venue is proper within this judicial district pursuant to 28 U.S.C. §§ 1391 and 1400.

## INFRINGEMENT OF U.S. PATENT NO. 7,490,881

8. Plaintiff, PHD, Inc., realleges and incorporates by reference the allegations of paragraphs 1 through 7 above, as if fully set forth herein.

9. On February 7, 2009, U.S. Patent No. 7,490,881 (the "'881 Patent") entitled "LONG TRAVEL GRIPPER" was duly and lawfully issued by the United States Patent and

Trademark Office ("USPTO") to Lyle A. Null and Matthew R. Williams. A true and correct copy of the '881 Patent is attached hereto as Exhibit "A."

10. Plaintiff is the owner of the '881 Patent by way of assignment.

11. The '881 Patent confers upon Plaintiff the exclusive right to make, use, sell and offer for sale the invention therein described.

12. Since the grant of the '881 Patent, Plaintiff has continuously marked substantially all Long Travel Grippers manufactured according to the patent with the reference "Patent" or "Pat." and the patent number 7,490,881. Accordingly Defendant has had constructive notice of the '881 Patent.

13. On April 29, 2014, Defendant was directly notified by letter of the '881 Patent and Defendant was advised that its "RPR Gladiator Series Gripper" appeared to infringe on the '881 Patent. The April 29, 2014 letter is attached hereto as Exhibit "B."

14. On information and belief, Defendant has made, used, offered for sale, and sold, and is now making, using, offering for sale, and/or selling, without permission from Plaintiff and with actual knowledge of the '881 Patent, grippers that infringe at least one of the claims of the '881 Patent.

15. Defendant has actively induced and continues to actively induce infringement by others of the '881 Patent by making, using, selling, and/or offering for sale the grippers described above – grippers that infringe on the '881 Patent. Defendant has knowledge that making, using, selling, and/or offering for sale the grippers to others would induce actual infringement of the '881 Patent by others.

16. On information and belief, Defendant's infringing activities have been willful and deliberate as the risk of infringing the '881 Patent was known or, alternatively, so obvious that the risk of infringing the '881 Patent should have been known to Defendant.

17. As a result of Defendant's actual infringement, Plaintiff has suffered damage, and unless and until the actions of Defendant are enjoined, Plaintiff will continue to suffer damage.

18. Defendant's infringing activities have and will continue to directly and proximately cause Plaintiff damages.

19. The present case is an exceptional case, entitling Plaintiff to an award of attorneys' fees.

## RELIEF REQUESTED

WHEREFORE, Plaintiff respectfully requests that this Court:

A. Enter judgment for Plaintiff against Defendant, declaring that it has willfully infringed Plaintiff's '881 Patent;

B. Award Plaintiff all damages it has sustained as a result of Defendant's patent infringement, and order that the damages be trebled pursuant to 35 U.S.C. §284;

C. Declare this case exceptional and find that plaintiff is entitled to recover its costs and reasonable attorneys' fees incurred in this action, pursuant to 35 U.S.C. §285;

D. Preliminarily and permanently enjoin and restrain Defendant and its agents, servants, employees, partners, attorneys, affiliates, successors and assigns, and all those acting in concert with them, from infringing, contributorily infringing, or inducing infringement of Plaintiff's '881 Patent;

E. Enter an order requiring Defendant to offer up for destruction any and all remaining inventory of any infringing products; and

F. Enter judgment granting such other relief as is just and proper in the premises.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury of all issues.

Dated: October 14TH, 2014

Respectfully submitted,

CARSON BOXBERGER LLP

By: _____
Jon A. Bragalone, #3914-02
J. Blake Hike, #28601-02
Address:
301 W. Jefferson Blvd., Suite 200
Fort Wayne, IN 46802
Phone: (260) 423-9411
Fax: (260) 423-4329
bragalone@carsonboxberger.com
hike@carsonboxberger.com